## DUCLOS *et al. v.* BENNER *et al.*

*(Supreme Court, Special Term, New York County.*   April 10, 1889.)

1. WILLS—CONSTRUCTION—RIGHTS OF LEGATEES.

> Testator, after sundry provisions, directed the residue of his estate to be divided into six equal parts, five of which were for the benefit of testator's five children, the income to be paid to each during his or her life, and at his death his share to be divided among his surviving issue "*per stirpes*, and not *per capita.*"   The income from the other share was to be applied to the use of an infant grandson during his minority, and at the age of 21 he was to receive the principal.   If the grandson should die, his surviving issue, if any, were to have his share, but, if none, his share was to go to testator's surviving children, "and the lawful issue of those who shall have died, in the same manner as hereinbefore provided."   *Held,* that upon the death of the grandson during minority, he having survived testator, his share passed to testator's surviving children absolutely, and not to the trustees, according to the provisions concerning the five shares, as the clause, "in the same manner as hereinbefore provided," related only to the manner of the division among the issue of deceased children.

2. SAME—INTEREST.

> Testator directed $30,000, or one-third of the appraised value of his personal estate, as his wife might elect, to be set apart or invested for her benefit, and the income, profits, and earnings thereof to be paid to her for life.   She elected to receive the amount named, and it was set apart and invested in United States bonds, on which she received the interest at 4 per cent.   Afterwards the executors sold the bonds at a premium, and thus realized a profit on the investment.   *Held,* that the widow was entitled to the profit.

At chambers.   On motion to modify judgment.

Hiram Benner died in 1876, leaving a will, of which Mary S. Benner became executrix and Frank M. Bonta executor.   An action was instituted by Frances H. Duclos and Charles H. Benner against the personal representatives, devisees, and legatees to obtain a construction of said will.   Judgment was rendered therein, which allowed any of the parties to apply for further relief as occasion might require.   After the judgment was rendered one of the legatees died, and thereupon certain questions as to the effect of clauses of said will not touched or decided by the judgment mentioned, arose, the nature of which appears in the opinion.   The clauses of the will referred to in the opinion, by which the shares of the residuary estate are given to testator's children, are all substantially alike, and one of them is as follows: "To pay the income of one-sixth of the principal thereof to my son Charles H. Benner,

half yearly during his natural life, and upon his death to divide the said one-sixth share among his lawful issue him surviving *per stirpes*, and not *per capita*." To obtain a further construction of the will plaintiffs filed this petition.

*C. Bainbridge Smith*, for plaintiffs. *James K. Hill* and *Wing & Shoudy*, for defendants.

O'BRIEN, J. Under leave granted by the final judgment entered herein, this motion, founded upon a petition, is for the construction of a part of the last will and testament of Hiram Benner, deceased. The plaintiffs contend that they are entitled to a proportionate share set apart for Hiram P. Bonta, free from any trust, he having died since final judgment, and being at the time of his death 12 years old. The testator, after providing for the payment during life of the income of certain portions of the estate to his mother and wife, divided the residuary estate into six parts, and directed that the principal of each of said parts, except the one set apart for Hiram P. Bonta, should be held in trust, the interest on which was to be paid to each of his children during his or her natural life, the remainder over. The same disposition is created as to so much of said testator's estate which is set apart to yield an annual income of $500, to be paid to his mother during her life, and as to the $30,000, the interest of which is to be paid to the testator's widow during life. After the death of the mother and wife the principal from which the income for their benefit is derived becomes and forms a part of the residuary estate, to be divided as hereinbefore stated. As to his children, except Hiram P. Bonta, the will provides for the payment only of the sixth part to each of his children. The contingency which has occurred, namely, the death of Hiram P. Bonta, the will provides for as follows: "Should my said grandson die, leaving lawful issue him surviving, such issue shall take and receive the principal of the share which he would have received, or would have the benefit of; but, should he die without leaving lawful issue him surviving, the share which would have gone to him, or been held for his benefit, shall belong to and be divided among my surviving children, and the lawful issue of those who shall have died, in the same manner as hereinbefore provided."

No doubt would exist as to the testator's intention as to whether he intended to have a division free from any further trust for his surviving children, were it not for the words last above quoted, that the division was to be made "in the same manner as hereinbefore provided." On consideration of the whole will, I am of opinion that those words do not create a trust, but refer simply to the manner in which the division shall be made when the time arrives by providing for a division in the event of the death of his grandson *per stirpes*, as in said will before provided as to the mode of division, and not *per capita*. This construction, therefore, would entitle the children surviving the testator each to receive his or her proportionate share of the one-sixth set apart for his grandson Hiram P. Bonta.

As to the profits arising from the investment in government bonds, it appears by the referee's report and the judgment that the sum of $30,000, which the widow elected to receive in lieu of one-third of the personal estate, was set apart for her in the government bonds purchased. She has received only the 4 per cent. paid by the government thereon, being less than the legal rate of interest. Now that the bonds have been sold and a profit derived therefrom, it would seem only fair and equitable that she should receive a share of that profit, if under the terms of the will she can be held entitled thereto. The language of the will is: "To set apart or invest the sum of $30,000, or one-third of the appraised value of my personal estate, as my said wife may elect in writing, and pay over the income, interest, profits, and earnings therefrom to my said wife, half yearly, as long as she shall live." The intention, therefore, of the testator seems reasonably clear that whether she

·elected to take the income of $30,000, or the income of one-third of the appraised value of the personal estate, she was to receive thereon not only the income and interest, but also the profits and earnings arising therefrom. It is ·claimed that *In re Gerry,* 103 N. Y. 445, 9 N. E. Rep. 235, is an authority against this construction, which allows to the widow profits arising from the investment in the bonds.    In that case, however, the well-settled rule is reaffirmed that, in the determination of the questions arising upon the construction of wills, the ascertainment of the intent of the testator is to be sought. It is true that it was there held, where the interest, income, and dividends of $10,000 held in trust was to be paid to the testator's daughter, that after her death, although a sale of the securities resulted in a surplus over the original investment, that the surplus was an accretion to the fund, and that the remainder-men were entitled thereto.    That case differs from the present in the fact that neither the widow's "profits or earnings" were used in that will. Here both are to be found, and the contention of the executrix is within the letter as well as within the plain meaning of the provisions of the will.    The premiums on the government bonds are clearly a profit on the investment, ·and as the executrix has all along taken the risk of the investment, and received only the small interest of 4 per cent. on the sum set apait for her support, she should not now be deprived of her share of the profits.    She is there-·fore entitled to three-fourths of the profits arising from the government bonds. As to the other one-fourth, the life-tenant is not entitled to it, and it should be equally divided among all the children of the testator, share and share alike; and, as to the share that would have been given to young Bonta, the peti-·tioners are each entitled to a one-fifth part thereof.

Ordered accordingly.